## McKENZIE v. BURNETT et al.
### No. 3037.

Court of Civil Appeals of Texas. El Paso.
July 19, 1934.

Jesse G. Foster, of Raymondville, for appellant.

John E. V. Jasper and Kent D. Allen, both of Dallas, for appellees.

PELPHREY, Chief Justice.

The findings of fact filed by the trial court being full and complete, we shall here quote them as a statement of the nature of the suit.

"Findings of Fact.

"1. On January 7, 1928, Mary V. Lenehan executed a contract in writing with E. R. Burnett and H. A. Carter, two public accountants doing income tax work, whereby she promised to pay them 25% of the saving which they might be able to effect in the total income tax liability of Mrs. Mary V. Lenehan for the years 1923 and 1924 as proposed by the Treasury Department for said years. The total fee under said contract was not to exceed $1250.00 and the accountants were to pay their own expenses. At the time she executed the contract, Mrs. Mary V. Lenehan had sufficient mental capacity to understand the nature, effect, and consequences of her act in entering into and executing the said contract.

"2. At the time she executed the contract, Mrs. Mary V. Lenehan was the wife of Pirl E. Steagall; but she claimed and owned in her own name as her sole and separate estate properties in Arkansas and in Texas; and the additional liability for income taxes due the United States was a liability existing solely against her individually and her separate estate, and was a charge against her personally and in diminution of the value of her separate estate to the amount of the additional tax liability assessed by the Commissioner of Internal Revenue in his notice dated October 5, 1927, notifying her of the amount claimed by the United States as a deficiency in her income tax due for the year 1923.

"3. In fulfilling their contract, E. R. Burnett and H. A. Carter filed a petition in the Board of Tax Appeals to which was attached the notice of tax deficiency and they also filed an amended petition for Mrs. Lenehan which she signed; and her amended petition referred to and ratified the original petition and both pleadings set up her defense to the additional tax assessment; and the accountants made the essential investigations and trips to Arkansas in prosecuting her claim before the Board of Tax Appeals.

"4. By decision of the Board of Tax Appeals dated March 19, 1931, the deficiency in tax liability of Mrs. Lenehan was, in pursuance of agreement between E. R. Burnett and H. A. Carter and the counsel for the Commissioner of Internal Revenue, reduced from $6,588.89 to $1,897.98 for the year 1923, which caused a saving as of that date to Mrs. Lenehan and to her estate of $6,661.09 on account of the fact that deficiencies in United States income taxes bear 6% per annum interest

from the due date of return of which the Court takes judicial notice.

"5. At the time she executed the contract Mrs. Mary V. Lenehan had sufficient mental capacity to know and understand the nature, effect and consequences of her act in executing the contract. E. R. Burnett and H. A. Carter entered into the contract and performed their work under it in good faith and Mary V. Lenehan was not subjected to any fraud, undue influence, or any inequity.

"6. The services rendered by E. R. Burnett and H. A. Carter were necessary to the protection of her sole and separate estate and said services did result in a saving to her estate and it benefited thereby to the extent of $6,661.09, and her estate still has the benefit of their services.

"7. The said contract executed by Mary V. Lenehan with E. R. Burnett and H. A. Carter was made in the management and control of her separate estate and was reasonably necessary for the protection and benefit of her separate estate and did benefit it.

"8. The reasonable value of the services rendered by E. R. Burnett and H. A. Carter for Mary V. Lenehan and her separate estate is $1250.00.

"9. E. R. Burnett and H. A. Carter have received only $300.00 in payment for their services.

"10. Hugh McKenzie is the duly qualified and acting guardian of the estate of Mary V. Lenehan, non compos mentis. On February 1, 1932, in cause Number 137 in the County Court of Willacy County, Texas, Hugh McKenzie was appointed guardian of her estate and filed his oath and bond as required by law, and said guardianship is now pending in said Court.

"11. This case is a proceeding in equity in the nature of a bill of review and arises from and attacks a judgment rendered in cause Number 625 on February 14, 1933, in which E. R. Burnett and H. A. Carter were plaintiffs and Hugh McKenzie, Guardian, was defendant, and in which judgment was rendered in favor of E. R. Burnett and H. A. Carter and against Hugh McKenzie, Guardian, establishing the claim of $950.00 against the estate of Mary V. Lenehan non compos mentis. Said judgment was rendered after Hugh McKenzie, Guardian, had filed an answer and by virtue of his non-appearance for trial. This present cause, number 2881, was instituted by Hugh McKenzie, Guardian, against E. R. Burnett and H. A. Carter alleging facts claimed to be equitable grounds for review

and also facts claimed to be a meritorious defense to the cause of action of E. R. Burnett and H. A. Carter. All parties waived by their pleadings the burden of showing equitable grounds for review and the absence of negligence on the part of Hugh McKenzie; and they submitted the case solely on the remaining question of whether Hugh McKenzie, Guardian, had a meritorious defense to the claim of E. B. Burnett and H. A. Carter."

From a judgment refusing to set aside the default judgment against him, appellant has perfected an appeal to this court.

### Opinion.

The nine propositions presented in appellant's brief all relate to and raise questions of the sufficiency of the evidence to support the judgment rendered. He contends that the evidence conclusively shows that Mary V. Lenehan, at the time she executed the contract with appellees, was insane; that she at that time owned no separate estate, having theretofore transferred it; and that appellees had been paid by her for their services. Two witnesses, J. M. Willis, an attorney at the Dallas Bar, and H. A. Carter, both testified to her sanity at the time the contract was executed, and their testimony was sufficient to support the trial court's finding that she had sufficient mental capacity to understand the nature, effect, and consequences of her act in entering into and executing the contract.

The testimony of appellant relative to her sanity is far from satisfactory, and he testified to many facts and circumstances which would in themselves tend to establish her sanity and refute his statement that she had always been insane.

The record shows that Mary V. Lenehan married Steagall July 10, 1927, and appellant testified that six or seven months or a year afterwards her property was deeded to Kaufman & Kaufman and Robert Steagall, her husband's brother.

The contract with appellees was executed January 7, 1928.

There was no definite date fixed as to when the transfer was made to Kaufman & Kaufman and, in this state of the evidence—and this is all the evidence on the question—it certainly was not conclusively shown that she had parted with her property before the contract was executed.

H. A. Carter, one of the appellees, wrote the following letter to Mrs. Lenehan:

"You will doubtless recall my handling the income tax work of your father and mother, Hugh McKenzie, and yourself, prior to the death of your father and mother. I have just recently learned that you had been committed to a State Institution and I am just wondering in this connection if I can be of any service to you in any way.

"I always had the very highest regard for your father and mother as well as yourself and during all my business dealings with you as well as they, I found you at all times very agreeable to work for, always paying your bills immediately upon notice that same were due. ' * * * "

Appellant now asserts that the statement in the letter that she had always paid her bills immediately upon notice that same were due constituted a receipt and conclusively showed that the account here sued upon had been paid.

The suit against Mrs. Lenehan's guardian was filed on February 14, 1933, while the above letter was written on July 20, 1933, while the suit was still pending.

We cannot give to the letter the construction placed thereon by appellant, and while it might be a circumstance in support of a finding that this particular account had, along with others, been paid, it did not constitute a receipt and would not be conclusive evidence of payment.

There is positive testimony that only $300 of the fee had been paid, leaving a balance of $950 unpaid, and such evidence was certainly sufficient to support the finding of the court on such question.

We find no error in the record, and the judgment of the trial court is affirmed.